# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| SHELBY ANTHONY VOGT, <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF IOWA, IOWA STATE TROOPERS ASSOCIATION, WATERLOO POLICE DEPARTMENT, BLACK HAWK COUNTY SHERIFF'S DEPARTMENT, <br><br> Defendants. | No. C14-2016-LRR <br><br> ORDER |

This matter is before the court pursuant to the motion to dismiss or, in the alternative, for summary judgment (docket no. 15) filed by the Waterloo Police Department.[1] The Waterloo Police Department filed its motion to dismiss or, in the alternative, for summary judgment ("motion for summary judgment") on May 16, 2014.[2]

---

[1] The court notes that the motion to dismiss or, in the alternative, for summary judgment does not comply with the Local Rules. *See generally* LR 7; LR 56. The court, however, finds that judicial economy will not be served by striking the motion to dismiss or, in the alternative, for summary judgment and requiring a proper motion to be filed.

[2] In support of its request for dismissal, the Waterloo Police Department relies on Federal Rule of Civil Procedure 12(b)(1) and Federal Rule of Civil Procedure 12(b)(6). With respect to the former rule, a defense based on the statute of limitations does not typically implicate the court's subject matter jurisdiction. *See Compagnoni v. United States*, 173 F.3d 1369, 1370 n.2 (11th Cir. 1999). Further, concerning both rules, the Waterloo Police Department filed an answer on April 15, 2014. Ordinarily, a motion to dismiss under Federal Rule of Civil Procedure 12(b) is proper if it is filed prior to answering. Although it may be proper to sua sponte rely on Federal Rule of Civil

(continued…)

The plaintiff's resistance and supporting documents were due on June 9, 2014. *See* LR 56.b. To date, the plaintiff has not resisted the motion for summary judgment and never requested an extension of the filing deadline. The Local Rules provide that

> [i]f no timely resistance to a motion for summary judgment is filed, the motion may be granted without prior notice from the court. . . .

LR 56.c. Furthermore, because he never submitted a resistance, the plaintiff did not expressly admit, deny or qualify each of the facts set forth in the statement of undisputed material facts that the Waterloo Police Department included within its motion for summary judgment. *See* LR 56.b.2. The plaintiff's failure to file any response to the Waterloo Police Department's statement of undisputed material facts constitutes an admission of each of these facts. *See* LR 56.b.; *accord* Fed. R. Civ. P. 56(e)(2). In light of the plaintiff's admission of the facts included in the Waterloo Police Department's statement of undisputed material facts and the plaintiff's failure to come forward with any evidence, the court concludes that the Waterloo Police Department is entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(2)-(4) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion, . . . grant summary judgment if the motion and supporting materials—including facts considered undisputed—show that the movant is entitled to it . . . or . . . issue any other appropriate order"); *see also Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993) ("Even if a motion for summary judgment . . . stands unopposed, the

---

²(…continued)
Procedure 12(c) where a party raised the statute of limitations as an affirmative defense in the answer and untimely filed a motion to dismiss under Federal Rule of Civil Procedure 12(b), the court finds that it is appropriate to rely on Federal Rule of Civil Procedure 56, which the Waterloo Police Department cited as an alternative basis for addressing the plaintiff's claims.

. . . court must still determine that the moving party is entitled to judgment as a matter of law . . . .").

The court reviewed the law that is applicable to the plaintiff's claims, the facts that the plaintiff asserts in his complaint and the statement of undisputed material facts which are deemed admitted by the plaintiff.[3] Based on such review, the court finds that the Waterloo Police Department is entitled to judgment as a matter of law because the applicable statutes of limitations bar all of the plaintiff's claims. The record, even when viewed in the light most favorable to the plaintiff, fails to establish a genuine issue of material fact with regard to whether the plaintiff filed his action in a timely manner. Given the undisputed material facts and its prior resolution of the motion to dismiss filed by the Black Hawk County Sheriff's Department, it is appropriate to enter judgment in favor of the Waterloo Police Department.

**IT IS THEREFORE ORDERED:**

(1) The motion for summary judgment (docket no. 15) is granted.

(2) The clerk's office is directed to enter judgment in favor of the Waterloo Police Department once the claims against the remaining parties are resolved

---

[3] The court notes that there are public records that pertain to the plaintiff. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records). The Iowa Department of Corrections provides access to information pertaining to offenders at the following address: http://www.doc.state.ia.us/. Information about the plaintiff, Shelby Anthony Vogt, 1101809, reveals that he is still serving a valid sentence. In addition, Iowa state court criminal and civil records may be accessed at the following address: http://www.iowacourts.gov/. Those records indicate that the plaintiff has never received a favorable termination of any of his criminal convictions.

by the court.

**DATED** this 2nd day of July, 2014.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA